■ David Birch, Appellant, v Diane Ryan et al., Respondents. [721 NYS2d 711] —Carpinello, J. Appeal from an order of the Supreme Court (Cobb, J.), entered February 7, 2000 in Columbia County, which denied plaintiff's motion for summary judgment.

The instant controversy stems from the parties' execution of a lease on September 8, 1998 for a one-year term covering plaintiff's three-story row house in the City of Hudson, Columbia County. As recited in the lease, defendants, as tenants, paid the first and last month's rent and a security deposit at the time of signing. Defendants also paid the October and November rent; however, they vacated the premises on or about January 1, 1999 without having paid the December rent. Shortly thereafter, on March 15, 1999, plaintiff sold the property.

Notwithstanding his divestiture of title prior to the expiration of the lease term, plaintiff claims that he is entitled to the *entire* rent due under the lease as a matter of law, principally because the lease is captioned a "Commercial Lease." However, as Supreme Court aptly noted, paragraph 3 of the lease, which plaintiff (a lawyer and licensed real estate agent) himself pre-

pared, recites that the premises was intended to be used for both *"Living* and Retail Sales" (emphasis supplied), thereby implicating the warranty of habitability set forth in Real Property Law § 235-b. Finding that defendants had sufficiently established a question of fact as to whether plaintiff had breached that warranty, Supreme Court denied plaintiff's motion for summary judgment seeking rent for the remainder of the lease term, legal fees and "punitive damages." Finding no error in Supreme Court's denial of the motion, we affirm.

In opposition to plaintiff's motion, defendant Diane Ryan averred that she and her mother rented the row house with the intention of using the first floor for their antique shop and occupying the second and third floors as their residence. She asserted that the building suffered from a number of significant deficiencies, including lack of regular heat due to a faulty oil burner, a missing toilet in the second-floor bathroom, rotted and unsafe back stairs and missing windows. Clearly, these averments were sufficient to create a question of fact as to whether the subject premises deprived defendants "of those essential functions which a residence is expected to provide" (*Park W. Mgt. Corp. v Mitchell,* 47 NY2d 316, 328, *cert denied* 444 US 992), warranting denial of plaintiff's motion for summary judgment.

Plaintiff's remaining contentions have been examined and found to be without merit.

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.